| | | | |
|---|---|---|---|
| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1873CV00056 | Trial Court of Massachusetts The Superior Court | |
| CASE NAME: Michael W Mercier vs. AZZ, Incorporated | | Marc J. Santos, Clerk of Court Bristol County | |
| TO: AZZ, Incorporated , | | COURT NAME & ADDRESS Bristol County Superior Court - Taunton 9 Court Street, Rm 13 Taunton, MA 02780 | |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION — DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 04/19/2018 | |
| Response to the complaint filed (also see MRCP 12) | | 05/21/2018 | |
| All motions under MRCP 12, 19, and 20 | 05/21/2018 | 06/18/2018 | 07/18/2018 |
| All motions under MRCP 15 | 05/21/2018 | 06/18/2018 | 07/18/2018 |
| All discovery requests **and depositions** served and non-expert despositions completed | 11/15/2018 | | |
| All motions under MRCP 56 | 12/17/2018 | 01/14/2019 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/14/2019 |
| Case shall be resolved and judgment shall issue by | | | 01/20/2020 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 01/19/2018 | John Losowski | |

Date/Time Printed: 01-19-2018 11:40:15  SCV026\ 11/2014

# Commonwealth of Massachusetts

BRISTOL, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1873 CV 00056 C

Michael W. Mercier, PLAINTIFF(S),

v.

A2Z, Incorporated, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO A2Z, Incorporated. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Bristol Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Bristol Superior Court, 9 Court St., Taunton, MA 02780 (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Fair Work, P.C., 192 South St., Ste 450, Boston, MA 02111

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___1/19___, 20_18_. (SEAL)

Marc J. Santos
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20___    Signature: _____

**N.B. TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

COPY

# COMMONWEALTH OF MASSACHUSETTS
# SUPERIOR COURT DEPARTMENT

BRISTOL, SS.

Civil Action No.
1873CV00056C

MICHAEL W. MERCIER,

    Plaintiff

v.

AZZ, INCORPORATED,

    Defendant

RECEIVED
Date: January 19, 2018
BRISTOL SUPERIOR COURT

## COMPLAINT AND JURY DEMAND

### Introduction

1. This action is brought by Plaintiff Michael W. Mercier against AZZ, Incorporated for non-payment of commission wages, pursuant to M.G.L. c. 149, §§ 148 and 150, and for non-payment of overtime wages, pursuant to M.G.L. c. 151, §§ 1A and 1B. Mr. Mercier seeks damages for his unpaid wages, including mandatory treble damages, interest, costs, and attorneys' fees.

### Parties

2. Plaintiff Michael W. Mercier is an adult resident of Attleboro, Massachusetts. Mr. Mercier worked for AZZ, Incorporated from July 2008 to September 2017.

3. Defendant AZZ, Inc. is a foreign corporation that does business throughout the world, including in Massachusetts.

## Facts

4. Mr. Mercier began working for AZZ in July 2008 as a Project Manager.

5. In or around December 2014, he began working as a full-time Sales Engineer. As indicated in his job description, the purpose of his job was to "[m]ake sales to meet goals relating to dollars booked, factory loading, and profit margins." Mr. Mercier was engaged in "inside sales," so he was entitled to overtime compensation for all hours worked over 40 in a week.

6. During the last several years, Mr. Mercier worked, on average, about 44 to 52 hours each week, resulting in about 4 to 12 hours of overtime. He did not receive any overtime compensation.

7. For the Fiscal Year 2016 (March 1, 2015 – February 29, 2016), Mr. Mercier was subject to the FY 2016 Sales Incentive Program. That program sets forth a specific formula for calculating commissions based on sales orders. Mr. Mercier's target was $27,500,000 in booked orders. If he hit that target, he was entitled to commissions of $14,388. If he exceeded his target, his commissions increased along a sliding scale.

8. For the Fiscal Year 2016, Mr. Mercier was only credited with sales orders totaling $38,631,151. That was about 141% of his target, so he received 231% of his target commissions, for a total of $33,337. His commissions should have been substantially greater, for two reasons.

9. First, his biggest sale for that year was to Sanmen Nuclear, for a booked order of $11,727,372. That sale was booked on or before February 25, 2016. Mr. Mercier was not given credit for that sale during Fiscal Year 2016; instead, AZZ evidently decided to credit that sale in future years (with one-third of the sale to be recognized in each of the next three fiscal years), which had the effect of preventing Mr. Mercier from receiving all of his commissions.

2

10. Second, for unexplained reasons, AZZ further reduced Mr. Mercier's booked sales from $47,143,454 (not including Sanmen Nuclear) to $38,631,151, resulting in lower commissions.

11. When combined, these two unwarranted changes resulted in lost commissions of about $21,151. Because Mr. Mercier was given credit for one-third of the Sanmen sale in Fiscal Year 2017, he received additional commissions that year in the amount of $2,232. As a result, the net amount of commissions that were earned and that remain unpaid equals about $18,819 ($21,151 minus $2,232).

12. Pursuant to state law requirements, Mr. Mercier filed a complaint with the Massachusetts Attorney General's office and has received permission to proceed in court.

## COUNT I
## VIOLATION OF MASSACHUSETTS PAYMENT OF WAGES LAW

Mr. Mercier incorporates the above paragraphs. By failing to pay commission wages, the Defendant violated M.G.L. c. 149, § 148, resulting in harm to Mr. Mercier. This is claim is brought pursuant to M.G.L. c. 149, § 150.

## COUNT II
## VIOLATION OF MASSACHUSETTS OVERTIME LAW

Mr. Mercier incorporates the above paragraphs. By failing to pay overtime wages, the Defendant violated M.G.L. c. 151, § 1A, resulting in harm to Mr. Mercier. This is claim is brought pursuant to M.G.L. c. 151, § 1B.

## JURY DEMAND

Mr. Mercier requests a trial by jury.

**WHEREFORE,** Mr. Mercier prays for judgment against the Defendant as follows:

1. All damages to which Mr. Mercier is entitled to under Massachusetts law;

2. Statutory trebling of damages;

3. Attorney fees, costs, and interest as allowed by law; and

4. Such other and further relief as the Court may deem proper and just.

MICHAEL W. MERCIER,

By his attorneys,

/s/ Stephen Churchill
Stephen Churchill, BBO#564158
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
(617) 488-2261 (fax)
steve@fairworklaw.com

Dated: January 17, 2018