# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL W. MERCIER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AZZ, INC., )<br>)<br>Defendant. ) | Civil Action No. 1:18-cv-10422 |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant AZZ, Inc. ("Defendant" or "AZZ"), files this Original Answer to Plaintiff's Complaint and Jury Demand (the "Complaint") and states as follows:

### Introduction

1. Defendant admits the allegations contained in Paragraph 1 of the Complaint set forth Plaintiff's claims and damages but Defendant denies the veracity of such allegations or entitlement to such damages.

### Parties

2. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in the first sentence of Paragraph 2 of the Complaint and, on that basis, denies the allegations in their entirety. Defendant admits the allegations contained in the second sentence of Paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

### Facts

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint to the extent Plaintiff was eligible to participate in the FY 2016 Sales Incentive Plan, the FY 2016 Sales Incentive Plan set forth formulas for calculating Plaintiff's sales incentive payments based on sales and other criteria, although AZZ maintained discretion with respect to the terms of the FY 2016 Sales Incentive Plan, and Plaintiff's stated target for FY 2016 was $27,500,000 for "FY 2016 Orders." Except as so admitted, Defendant otherwise denies each and every allegation contained in Paragraph 7 of the Complaint, including Defendant's characterization of the FY2016 Sales Incentive Plan payments as "commissions."

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 to the extent Plaintiff was not given credit for Sanmen Nuclear during FY 2016. Except as so admitted, Defendant otherwise denies each and every allegation contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Complaint and, on that basis, denies the allegations in their entirety.

## COUNT I
## VIOLATION OF MASSACHUSETTS PAYMENT OF WAGES LAW

Defendant admits the allegations set forth in Count I of the Complaint insofar as it alleges that Plaintiff incorporates therein by reference each of the foregoing paragraphs of the Complaint. Further, Defendant restates and incorporates by reference its answers to the preceding paragraphs of the Complaint as if set forth herein verbatim. Defendant denies all other allegations contained in Count I of the Complaint.

## COUNT II
## VIOLATION OF MASSACHUSETTS OVERTIME LAW

Defendant admits the allegations set forth in Count II of the Complaint insofar as it alleges that Plaintiff incorporates therein by reference each of the foregoing paragraphs of the Complaint. Further, Defendant restates and incorporates by reference its answers to the preceding paragraphs of the Complaint as if set forth herein verbatim. Defendant denies all other allegations contained in Count II of the Complaint.

## JURY DEMAND

Plaintiff's request for a trial by jury is a legal conclusion to which Defendant is not required to plead; to the extent an answer is required, however, these allegations are denied.

## PRAYER FOR RELIEF

Defendant admits that Plaintiff seeks the relief identified in his Complaint but denies that Plaintiff is entitled to such relief.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant states the following affirmative defenses without assuming the burden of proof on any such defenses that would otherwise fall on Plaintiff.

### First Affirmative Defense

Defendant AZZ asserts the affirmative defense that Mercier's claims are barred, in whole or part, barred because Plaintiff was at all relevant times exempt from coverage under M.G.L. c. 151, § 1A.

### Second Affirmative Defense

Defendant AZZ asserts the affirmative defense that Mercier's claims are barred, in whole or part, because Defendant is and has been in full compliance with M.G.L. c. 151, § 1A.

### Third Affirmative Defense

Defendant AZZ asserts the affirmative defense that Mercier's claims are barred, in whole or part, because Defendant is and has been in full compliance with M.G.L. c. 149, § 148.

### Fourth Affirmative Defense

Defendant AZZ asserts the affirmative defense that Mercier's claims are barred, in whole or part, by the statute of limitations.

### Sixth Affirmative Defense

Defendant AZZ asserts the affirmative defense that Mercier's claims are barred, in whole or part, barred because Defendant is entitled to a set-off for any amounts already paid in wages to which Plaintiff was not entitled.

### Seventh Affirmative Defense

Defendant AZZ asserts the affirmative defense that Mercier's claims are barred, in whole or part, for failure to state a claim for relief.

### Eighth Affirmative Defense

Defendant AZZ asserts the affirmative defense that Mercier's claims are barred, in whole or part, for failure exhaust administrative remedies.

### Ninth Affirmative Defense

Defendant AZZ asserts the affirmative defense that Mercier's claims are barred, in whole or part, by the doctrine of accord and satisfaction.

### Tenth Affirmative Defense

Defendant AZZ asserts the affirmative defense that Mercier's claims are barred, in whole or part, by waiver and/or estoppel.

### Eleventh Affirmative Defense

Defendant AZZ asserts the affirmative defense that Mercier's claims are barred, in whole or part, by a failure of conditions precedent and/or conditions subsequent.

### Twelfth Affirmative Defense

Defendant AZZ is not liable for a breach of contract to the extent the original contract was modified and AZZ complied with the terms of the modification.

Defendant AZZ hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

    Respectfully Submitted,

    AZZ, INCORPORATED,

    By their attorneys,

    */s/ Jed DeWick*
Jed DeWick (BBO #654723)
Sarah E. A. Sousa (BBO #691089)
ARROWOOD LLP
10 Post Office Square, 7th Floor South
Boston, MA 02109
(617) 849-6200
(617) 849-6201 (Fax)
jdewick@arrowoodllp.com
ssousa@arrowoodllp.com

Kimberly Rich (admitted *pro hac vice*)
Lindsay Wright Brett (admitted *pro hac vice*)
BAKER & MCKENZIE LLP
1900 North Pearl Street, Suite 1500
Dallas, TX 75201
(214) 978-3000
(214) 965-5998 (Fax)
kimberly.rich@bakermckenzie.com
lindsay.brett@bakermckenzie.com

Dated: March 12, 2018

## **CERTIFICATE OF SERVICE**

I, Sarah E. A. Sousa, hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                                               */s/ Sarah E. A. Sousa*

Dated: March 12, 2018