## CourtView Justice Solutions

**Bristol County**

---

# Civil Case Summary

---

## 1873CV00056 Mercier, Michael W vs. AZZ, Incorporated

### Case Information

**File Date** 01/19/2018
**Case Disposition** Transferred to another Court
**Category**
**Track** F - Fast Track
**Case Status** Closed
**Case Disposition Date** 03/08/2018
**Action** Services, Labor and Materials
**Case Status Date** 03/08/2018
**Case Judge**
**Session** Civil C (Taunton)

### Party Information: 2

| Party Name Party Alias(es) | Party Type | Party Role | Attorney(s) |
|---|---|---|---|
| Mercier, Michael W | Plaintiff | | Churchill, Esq., Stephen S |
| AZZ, Incorporated | Defendant | | Sousa, Esq., Sarah E DeWick, Esq., John |

### Alert(s) 0

### Case Schedule: 0  Displaying 0 Records

### Subsequent Actions/Subject: 0

### Service Summary: 0

### Fee Generating: 0

### Linked Case(s): 0

### Financial: 2     Amount Due: .00          A/R Amount Due: .00

| Receipt Number | Date | Received From | Amount Paid |
|---|---|---|---|
| 17457 | 03/08/2018 | Sousa, Esq., Sarah E | 17.50 |
| 16971 | 01/19/2018 | Churchill, Esq., Stephen S | 280.00 |

### Ticklers: 0

### DCM: 1

| DCM Track | Effective Date | Tickler | Due Date | Completion Date | Entered By |
|---|---|---|---|---|---|
| F - Fast Track | 01/19/2018 | Service | 04/19/2018 | 03/05/2018 | NSEVIER |
| | | Answer | 05/21/2018 | 03/08/2018 | NSEVIER |
| | | Rule 12/19/20 Served By | 05/21/2018 | 03/08/2018 | NSEVIER |
| | | Rule 12/19/20 Filed By | 06/18/2018 | 03/08/2018 | NSEVIER |

| DCM Track | Effective Date | Tickler | Due Date | Completion Date | Entered By |
|---|---|---|---|---|---|
| | | Rule 12/19/20 Heard By | 07/18/2018 | 03/08/2018 | NSEVIER |
| | | Rule 15 Served By | 05/21/2018 | 03/08/2018 | NSEVIER |
| | | Rule 15 Filed By | 06/18/2018 | 03/08/2018 | NSEVIER |
| | | Rule 15 Heard By | 07/18/2018 | 03/08/2018 | NSEVIER |
| | | Discovery | 11/15/2018 | 03/08/2018 | NSEVIER |
| | | Rule 56 Served By | 12/17/2018 | 03/08/2018 | NSEVIER |
| | | Rule 56 Filed By | 01/14/2019 | 03/08/2018 | NSEVIER |
| | | Final Pre-Trial Conference | 05/14/2019 | 03/08/2018 | NSEVIER |
| | | Judgment | 01/20/2020 | 03/08/2018 | NSEVIER |

## Case Disposition(s): 1

| STATUS | Status Date | Disposition | Disposition Date | Action Code |
|---|---|---|---|---|
| Closed | 03/08/2018 | Transferred to another Court | 03/08/2018 | Services, Labor and Materials |

## Docket Entries: 16  Displaying 16 Records

| Date | File Ref Nbr | Journal Book | Docket Text | Judge | Amount Due | Image |
|---|---|---|---|---|---|---|
| 03/08/2018 | | | Case transferred to another court. | | | |
| 03/08/2018 | 4 | | Notice of Removal to the United States District Court filed by Applies To: DeWick, Esq., John (Attorney) on behalf of AZZ, Incorporated (Defendant) (18cv10422) | | | |
| 03/08/2018 | | | Attorney appearance On this date Sarah E Sousa, Esq. added as Private Counsel for Defendant AZZ, Incorporated | | | |
| 03/08/2018 | | | Attorney appearance On this date John DeWick, Esq. added as Private Counsel for Defendant AZZ, Incorporated | | | |
| 03/08/2018 | | | Fee for attested copies of court documents and records assessed, G.L. c. 262 § 4b. Receipt: 17457 Date: 03/08/2018 | | 0.00 | |
| 03/05/2018 | 3 | | Service Returned for Defendant AZZ, Incorporated: Service via certified mail; return receipt attached. | | | |
| 01/19/2018 | | | One Trial case reviewed by Clerk, case to remain in the Superior Court. Judge: Losowski, John F | Losowski, John F | | |
| 01/19/2018 | | | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 16971 Date: 01/19/2018 | | 0.00 | |
| 01/19/2018 | | | Demand for jury trial entered. | | | |
| 01/19/2018 | 2 | | Civil action cover sheet filed. | | | |
| 01/19/2018 | 1 | | Original civil complaint filed. | | | |
| 01/19/2018 | | | Case assigned to: DCM Track F - Fast Track was added on 01/19/2018 | | | |
| 01/19/2018 | | | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 16971 Date: 01/19/2018 | | 0.00 | |
| 01/19/2018 | | | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 16971 Date: 01/19/2018 | | 0.00 | |
| 01/19/2018 | | | Civil Filing Fee (per Plaintiff) Receipt: 16971 Date: 01/19/2018 | | 0.00 | |
| 01/19/2018 | | | Attorney appearance On this date Stephen S Churchill, Esq. added as Private Counsel for Plaintiff Michael W Mercier | | | |

## Case Notes : 0

# COMMONWEALTH OF MASSACHUSETTS
## SUPERIOR COURT DEPARTMENT

**BRISTOL, SS.**

Civil Action No.
1873 CV 00056C

|  |  |
|---|---|
| MICHAEL W. MERCIER, | ) |
|  | ) |
|     Plaintiff | ) |
| v. | ) |
|  | ) |
| AZZ, INCORPORATED, | ) |
|  | ) |
|     Defendant | ) |

BRISTOL SUPERIOR COURT
JAN 1 9 2018

## COMPLAINT AND JURY DEMAND

### Introduction

1.    This action is brought by Plaintiff Michael W. Mercier against AZZ, Incorporated for non-payment of commission wages, pursuant to M.G.L. c. 149, §§ 148 and 150, and for non-payment of overtime wages, pursuant to M.G.L. c. 151, §§ 1A and 1B. Mr. Mercier seeks damages for his unpaid wages, including mandatory treble damages, interest, costs, and attorneys' fees.

### Parties

2.    Plaintiff Michael W. Mercier is an adult resident of Attleboro, Massachusetts. Mr. Mercier worked for AZZ, Incorporated from July 2008 to September 2017.

3.    Defendant AZZ, Inc. is a foreign corporation that does business throughout the world, including in Massachusetts.

**Facts**

4.     Mr. Mercier began working for AZZ in July 2008 as a Project Manager.

5.     In or around December 2014, he began working as a full-time Sales Engineer. As indicated in his job description, the purpose of his job was to "[m]ake sales to meet goals relating to dollars booked, factory loading, and profit margins." Mr. Mercier was engaged in "inside sales," so he was entitled to overtime compensation for all hours worked over 40 in a week.

6.     During the last several years, Mr. Mercier worked, on average, about 44 to 52 hours each week, resulting in about 4 to 12 hours of overtime. He did not receive any overtime compensation.

7.     For the Fiscal Year 2016 (March 1, 2015 – February 29, 2016), Mr. Mercier was subject to the FY 2016 Sales Incentive Program. That program sets forth a specific formula for calculating commissions based on sales orders. Mr. Mercier's target was $27,500,000 in booked orders. If he hit that target, he was entitled to commissions of $14,388. If he exceeded his target, his commissions increased along a sliding scale.

8.     For the Fiscal Year 2016, Mr. Mercier was only credited with sales orders totaling $38,631,151. That was about 141% of his target, so he received 231% of his target commissions, for a total of $33,337. His commissions should have been substantially greater, for two reasons.

9.     First, his biggest sale for that year was to Sanmen Nuclear, for a booked order of $11,727,372. That sale was booked on or before February 25, 2016. Mr. Mercier was not given credit for that sale during Fiscal Year 2016; instead, AZZ evidently decided to credit that sale in future years (with one-third of the sale to be recognized in each of the next three fiscal years), which had the effect of preventing Mr. Mercier from receiving all of his commissions.

10.     Second, for unexplained reasons, AZZ further reduced Mr. Mercier's booked

sales from $47,143,454 (not including Sanmen Nuclear) to $38,631,151, resulting in lower

commissions.

11.     When combined, these two unwarranted changes resulted in lost commissions of

about $21,151. Because Mr. Mercier was given credit for one-third of the Sanmen sale in Fiscal

Year 2017, he received additional commissions that year in the amount of $2,232. As a result,

the net amount of commissions that were earned and that remain unpaid equals about $18,819

($21,151 minus $2,232).

12.     Pursuant to state law requirements, Mr. Mercier filed a complaint with the

Massachusetts Attorney General's office and has received permission to proceed in court.

## COUNT I
## VIOLATION OF MASSACHUSETTS PAYMENT OF WAGES LAW

Mr. Mercier incorporates the above paragraphs.  By failing to pay commission wages, the

Defendant violated M.G.L. c. 149, § 148, resulting in harm to Mr. Mercier.  This is claim is

brought pursuant to M.G.L. c. 149, § 150.

## COUNT II
## VIOLATION OF MASSACHUSETTS OVERTIME LAW

Mr. Mercier incorporates the above paragraphs.  By failing to pay overtime wages, the

Defendant violated M.G.L. c. 151, § 1A, resulting in harm to Mr. Mercier.  This is claim is

brought pursuant to M.G.L. c. 151, § 1B.

3

## JURY DEMAND

Mr. Mercier requests a trial by jury.

**WHEREFORE,** Mr. Mercier prays for judgment against the Defendant as follows:

1.  All damages to which Mr. Mercier is entitled to under Massachusetts law;

2.  Statutory trebling of damages;

3.  Attorney fees, costs, and interest as allowed by law; and

4.  Such other and further relief as the Court may deem proper and just.

MICHAEL W. MERCIER,

By his attorneys,

Stephen Churchill, BBO#564158
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
(617) 488-2261 (fax)
steve@fairworklaw.com

Dated: January 17, 2018

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

4

$\mathcal{H}$

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL W. MERCIER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AZZ, INC., )<br>)<br>Defendant ) | M'R - 8 2018<br><br>Civil Action No.: 1873CV00056C |

## NOTICE OF REMOVAL OF CIVIL ACTION
## TO THE UNITED STATES DISTRICT COURT

**PLEASE TAKE NOTICE** that Defendant AZZ Inc. ("AZZ") hereby removes the civil

action pending in the Commonwealth of Massachusetts, Superior Court Department, styled

*Michael W. Mercier v. AZZ, Incorporated*, Civil Action No. 1873CV00056C, to the United States

District Court for the District of Massachusetts. Defendant will promptly file a Notice of this

Removal with the Commonwealth of Massachusetts, Superior Court Department, and serve the

Notice on all parties.

## GROUNDS FOR REMOVAL JURISDICTION

1.     Pursuant to 28 U.S.C. § 1446, AZZ invokes this District Court's jurisdiction under

28 U.S.C. § 1441 (providing that defendants may remove any civil action, filed in state court, of

which the District Courts of the United States have original jurisdiction) and 28 U.S.C. § 1332

(granting District Courts original jurisdiction of all civil actions between persons of diverse

citizenship).

1

2.     On January 17, 2018, Plaintiff Michael W. Mercier ("Mercier") filed an Original

Complaint and Jury Demand against AZZ in the Commonwealth of Massachusetts, Superior Court

Department, (the "Complaint").  A copy of the Complaint, along with all other documents filed

with the Commonwealth of Massachusetts, Superior Court Department, is attached hereto as

**Exhibit 1**. Exhibit 1 constitutes all of the process and pleadings that have been served upon AZZ

in this action. Attested to copies of all docket entries in the Massachusetts Superior Court record

shall be filed within 28 days, in accordance with Local Rules 5.4(f) and 81.1(a). The Civil Cover

Sheet, as required by Local Rules 3.1 and 5.4(e), and Local Category Sheet are attached hereto as

**Exhibit 2**.

3.     In the Complaint, Mercier alleges claims for non-payment of commission wages

and overtime wages relating to his former employment with AZZ.

4.     At the time of filing of this action, as stated in Paragraph 2 of the Complaint, and at

the time of filing of this Notice, Mercier resides in Attleboro, Massachusetts, and is therefore a

citizen of the Commonwealth of Massachusetts.  As stated in Paragraph 3 of the Complaint, AZZ

is not a citizen of the State of Massachusetts. AZZ is a Texas corporation with its principal place

of business in Texas. AZZ is therefore a citizen of the State of Texas. 28 U.S.C. § 1332(c)(1).

Removal is proper because there is complete diversity between the parties.

5.     Further, by his own admission, Mercier "seeks lost commissions of $21,151,"

"several years" of overtime payments, and "statutory trebling of damages." Complaint at ¶11, ¶6,

Jury Demand. Because the parties have complete diversity of citizenship and because the amount

in controversy exceeds the $75,000 statutory minimum for diversity jurisdiction, this Court has

original jurisdiction under 28 U.S.C. § 1332.

2

6.      AZZ received the Complaint on February 12, 2018. Removal pursuant to 28 U.S.C. § 1446(b) is timely because this Notice of Removal has been filed within thirty days of the AZZ's receipt of the Complaint, "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

7.      Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

8.      Defendant will give notice of the filing of this Notice of Removal to the Plaintiff and to the Commonwealth of Massachusetts, Superior Court Department, in which Civil Action No. 1873CV00056C is pending.

9.      AZZ seeks removal of this action without prejudice to any and all defenses available to it, such as objections to service of process and jurisdiction.

<h3 align="center">PRAYER</h3>

WHEREFORE, Defendant AZZ Inc., respectfully prays that this matter, previously pending in the Commonwealth of Massachusetts, Superior Court Department, styled *Michael W. Mercier v. AZZ, Incorporated*, Civil Action No. 1873CV00056C, be removed to the United States District Court for the District of Massachusetts.

Respectfully Submitted,

AZZ, INC.,

By their attorneys,

*/s/ Jed DeWick*
Jed DeWick (BBO #654723)
Sarah E. A. Sousa (BBO #691089)
ARROWOOD LLP
10 Post Office Square, 7th Floor South
Boston, MA  02109
(617) 849-6200
(617) 849-6201 (Fax)
jdewick@arrowoodllp.com
ssousa@arrowoodllp.com


With,

Kimberly Rich (TX Bar No. 24010344; CA Bar. No. 185507)
Lindsay Wright Brett (Fed. ID No. 1384776)
BAKER & MCKENZIE LLP
1900 North Pearl Street, Suite 1500
Dallas, TX 75201
(214) 978-3000
(214)965-5998 (Fax)
Kimberliy.rich@bakermckenzie.com
Lindsay.brett@bakermckenzie.com
(Motion for *Pro Hac Vice* Admission to follow)

Dated: March 5, 2018

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via First Class Mail and Email on this 5th day of March, 2018, to counsel for the Plaintiff, at the following address:

Stephen Churchill
steve@fairworklaw.com
Fair Work, P.C.,
192 South Street, Suite 450,
Boston, MA 02111

/s/ Sarah E. A. Sousa
Sarah E. A. Sousa

*3.*

# Commonwealth of Massachusetts

BRISTOL, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1873 CV 00056 C

Michael W. Mercier , PLAINTIFF(S),

v.

A22, Incorporated , DEFENDANT(S)

MAR - 5 2018

## SUMMONS

THIS SUMMONS IS DIRECTED TO A22, Incorporated . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Bristol Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Bristol Superior Court, 9 Court St., Taunton, MA 02780 (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Fair Work, P.C., 192 South St., Ste 450, Boston, MA 02111

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A True Copy By Photostatic Process
Attest

Asst. Clerk of Courts

4.    **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.    **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___1 | 19___ , 20 18. (SEAL)

Marc J. Santos
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on ___2/12___ , 20 18, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_by certified mail, return receipt requested_
_(see attached)._

Dated: __3/2__ , 20 18    Signature: _Stephen Chin_

**N.B.    TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

A Z Z, Inc.
One Museum Place, Suite 500
3100 West 7th St.
Fort Worth, Tx 76107

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 2877 7069 2897 86

2. Article Number (Transfer from service label)
7017 0530 0000 8290 3805

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Claire_
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
a. laird   02-12-18

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ ...Mail
- ☐ ...Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

FORT WORTH TX 76107   OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $3.45 |
| | $2.75   0109 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) | $0.00 |
| ☐ Return Receipt (electronic) | $0.00 |
| ☐ Certified Mail Restricted Delivery | $0.00 |
| ☐ Adult Signature Required | $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $1.42 |
| Total Postage and Fees | $7.62 |

Postmark
FEB -5 2018
02/05/2018

Sent To  A Z Z, Inc.
Street and Apt. No., or PO Box No.  One Museum Place, Ste 500
City, State, ZIP+4®  3100 West 7th St. Fort Worth, Tx 76107

7017 0530 0000 8290 3805

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

#2

<table>
<tr>
<td colspan="2"><strong>CIVIL ACTION COVER SHEET</strong></td>
<td><strong>DOCKET NUMBER</strong><br>1873CV000056.C</td>
<td colspan="2"><strong>Trial Court of Massachusetts<br>The Superior Court</strong></td>
</tr>
<tr>
<td colspan="2">PLAINTIFF(S): Michael Mercier<br><br>ADDRESS: Attleboro, MA</td>
<td rowspan="2"></td>
<td colspan="2">COUNTY<br>Bristol</td>
</tr>
<tr>
<td colspan="2"></td>
<td colspan="2">DEFENDANT(S): ATT, Incorporated</td>
</tr>
<tr>
<td colspan="2">ATTORNEY: Stephen Churchill<br>ADDRESS: Fair Work, P.C., 192 South Street, Suite 450, Boston, MA 02111<br><br><br>BBO: 564158</td>
<td></td>
<td colspan="2">ADDRESS:<br><br>BRISTOL SS SUPERIOR COURT<br>FILED<br><br>JAN 1 9 2018<br><br>SANTOS, ESQ.<br>C. MAGISTRATE</td>
</tr>
</table>

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A01 | Services, Labor, and Materials | F | ☒ YES ☐ NO |

*If "Other" please describe:

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................................................. $ \_\_\_\_\_
2. Total doctor expenses .................................................................................... $ \_\_\_\_\_
3. Total chiropractic expenses ........................................................................... $ \_\_\_\_\_
4. Total physical therapy expenses .................................................................... $ \_\_\_\_\_
5. Total other expenses (describe below) .......................................................... $ \_\_\_\_\_
                                                  Subtotal (A): $ \_\_\_\_\_

B. Documented lost wages and compensation to date .......................................... $ \_\_\_\_\_
C. Documented property damages to dated .......................................................... $ \_\_\_\_\_
D. Reasonably anticipated future medical and hospital expenses ........................ $ \_\_\_\_\_
E. Reasonably anticipated lost wages .................................................................. $ \_\_\_\_\_
F. Other documented items of damages (describe below) .................................... $ \_\_\_\_\_

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                              TOTAL (A-F):$ \_\_\_\_\_

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Unpaid commission and overtime wages                    TOTAL: $  >$25,000

Signature of Attorney/Pro Se Plaintiff: X _Steph Chur_      Date: 1/17/18

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

None.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X      A True Copy By Photostatic Process      Date:
                                   Attest!

                                   Asst. Clerk of Courts